IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NOAH J. GLEASON,**

                **Petitioner,**

      v.                                                      **CASE NO. 23-3007-JWL-JPO**

**JEFF ZMUDA,**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will dismiss this matter for lack of jurisdiction.

### Background

In 2002, in the District Court of Jefferson County, Kansas, a jury convicted Petitioner Noah J. Gleason of first-degree felony murder and the district court sentenced him to life imprisonment with no possibility of parole for 20 years. *See State v. Gleason*, 277 Kan. 624, 630-31 (2004); (Doc. 1, p. 1.) Petitioner has unsuccessfully challenged his conviction in the state courts, but a recitation of that procedural history is not necessary here. Turning to Petitioner's history in the federal courts, the matter presently before the Court is the fourth federal habeas action Petitioner has filed in this Court challenging his 2002 conviction under 28 U.S.C. § 2254.

Petitioner filed his first § 2254 petition in 2010; it was dismissed without prejudice two months later so that Petitioner could exhaust state court remedies.[1] *See Gleason v. McKune, et al.*,

---

[1] In the order dismissing that action without prejudice, the Court cautioned Petitioner "that he has basically one shot in federal court on his habeas corpus claims, and any claim that is not presented in his first petition is likely to be denied if raised in a subsequent petition under the second and successive provision of the [Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), which provides the statute of limitations for petitions under 28 U.S.C. § 2254]." *Gleason v. McKune, et al.*, Case No. 10-3200-SAC, Doc. 5, p. 7. The order further advised Petitioner that the instant petition did not count as his "'first' federal habeas corpus petition" in that context because it was being dismissed without prejudice. *Id.* at 7 n. 3.

Case No. 10-3200-SAC, Doc. 5. Petitioner filed his second § 2254 petition in June 2011; in July 2012, this Court denied federal habeas relief in a lengthy order addressing each claim. *See Gleason v. McKune, et al.*, Case No. 11-3110-SAC, Doc. 25. Petitioner appealed the denial and on April 5, 2013, the United States Court of Appeals for the Tenth Circuit denied his application for a certificate of appealability and dismissed the appeal. *Id.* at Doc. 33. In October 2020, Petitioner filed his third § 2254 petition challenging his 2002 conviction; that matter was dismissed in February 2021 as time-barred and for failure to allege a violation of federal law, federal treaty, or the federal Constitution. *See Gleason v. Cline*, Case No. 20-3254-SAC, Docs. 1, 7, and 11.

Petitioner filed the present petition, his fourth, on January 10, 2023, alleging four grounds on which he believes he is entitled to federal habeas corpus relief in the form of an order overturning his 2002 conviction. (Doc. 1.) Ground One alleges that his Sixth Amendment right to effective assistance of counsel was violated when trial counsel failed to move to dismiss the case (1) when Petitioner was initially charged with only a crime for which the applicable statute of limitations had already expired and (2) when the amended complaint included a charge of conspiracy to commit burglary, also past its statute of limitations, which the State relied on as the underlying felony in the theory of felony murder. *Id.* at 5. Ground Two asserts that Petitioner's constitutional right to effective assistance of counsel was further violated when trial counsel failed to object to the State continuing to argue conspiracy to commit burglary as the underlying felony even after it dismissed the charge. *Id.* at 7.

Ground Three alleges that Petitioner's due process rights under the Fifth and Fourteenth Amendments were violated when the trial court failed to dismiss the case against him because the initially charged offense was beyond the statute of limitations and/or because trial counsel was providing unconstitutionally ineffective assistance. *Id.* at 8. Ground Four alleges that the trial court violated Petitioner's rights to due process and a fair trial under the Fifth and Fourteenth Amendments when it dismissed the conspiracy to commit burglary charge but allowed the State to continue to argue it as the underlying felony for felony murder and when it instructed the jury to consider the elements of conspiracy to commit burglary during its deliberations. *Id.* at 10.

2

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

As noted above, this is Petitioner's fourth § 2254 action challenging his 2002 conviction. Although his first petition was dismissed without prejudice for failure to exhaust, his second petition was decided on its merits and his third petition was dismissed as time-barred and for failure to allege a violation of federal law or the federal Constitution. "[T]he dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive." *Shirley v. Davis*, 521 Fed. Appx. 647, 648 n.1 (10th Cir. 2013) (unpublished) (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995), and additional cases). Thus, the current petition is successive.

Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so.

When a petitioner fails to obtain the prior authorization, the federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). To decide whether the interest of justice requires transfer to the Tenth Circuit for possible authorization to proceed on a successive habeas petition, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See id*.

Because Petitioner is proceeding pro se, the Court will liberally construe the petition and hold it to "'less stringent standards than formal pleadings drafted by lawyers.'" *See Erickson v.*

3

*Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Even doing so, however, some of the currently asserted grounds for relief were also asserted in Petitioner's third § 2254 petition, such as the claim that the state district court lacked jurisdiction over him in 2002 because the relevant statute of limitations for the crime with which he was initially charged had already expired. *Compare* Doc. 1, p. 5, 8 *with Gleason v. Cline*, Case No. 20-3254-SAC, Doc. 1, p. 9. This claim is unlikely to succeed on its merits, since "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." *See* 28 U.S.C. § 2244(b)(1). In addition, this claim fails to allege a violation of federal law or the Constitution. *See Gleason v. Cline*, Case No. 20-3254, Doc. 11, p. 2, (quoting *Belvin v. Addison*, 561 Fed. Appx. 684, 686 (10th Cir. 2014) (unpublished), for the holding that "'a state's misapplication of its own statute of limitations does not violate federal due process per se'").

Regarding the claims in the current petition that were not raised in a previous one, 28 U.S.C. § 2244(b)(2) states:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

There is no indication in the current petition that any of these circumstances exist, so it is unlikely that any claim not raised in a prior federal habeas proceeding would succeed on its merits. Finally, the Court notes that the third § 2254 action was also dismissed as time-barred. Thus, it is likely that the claims in the present petition—filed more than 2 years later—are also time-barred. For all of these reasons, the Court concludes that it would not serve the interest of justice to transfer

this matter to the Tenth Circuit for possible authorization of this successive § 2254 petition. The Court will instead dismiss this matter without prejudice for lack of jurisdiction. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition.

### Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized successive petition under 28 U.S.C. § 2254, which the Court lacks jurisdiction to consider. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 11th day of January, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge